# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jeremias Ezequiel BAMACA-CINTO | ) | Case No. |
| | ) | 5:24-mj-1259-PRL |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 28, 2024__ in the county of __Lake__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry by a Previously Deported Alien |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Border Patrol Agent Lacey O'Neal, CBP
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: November 4, 2024

_____
Judge's signature

City and state: Ocala, Florida   United States Magistrate Judge Philip R. Lammens
*Printed name and title*

STATE OF FLORIDA                                 CASE NO. 5:24-mj-1259-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lacey O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 7, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry.

3. On October 28, 2024, CBP was contacted by the Mascotte Police Department in Mascotte, Florida[1] in reference the defendant, Jeremias Ezequiel BAMACA-CINTO. BAMACA-CINTO recently had been arrested by the Mascotte Police Department on October 28, 2024, and charged with Driving Under the Influence and Driving While License Suspended. During the arrest and booking process, officers gathered personal identifying information (name, date of birth, place of birth, etc.) from BAMACA-CINTO. This information subsequently had been shared with CBP.

4. CBP record checks on his biographical information confirmed that he is a citizen and national of Guatemala with no lawful immigration status in the United States. He also has an alien file, under his unique alien number, containing all his immigration history. Fingerprints in that file match the booking fingerprints of BAMACA-CINTO from his Mascotte Police Department arrest.

5. Documents in the alien file also show that BAMACA-CINTO has been previously ordered deported/removed from the United States to Guatemala by a Designated Official on August 28, 2013. BAMACA-CINTO was then physically deported/removed from the United States to Guatemala on September 6, 2013, through Phoenix, Arizona. BAMACA-CINTO was later apprehended again on December 26, 2013, in the United States and had his previous order of removal reinstated on December 27, 2013. He was once again physically removed thereafter

---

[1] Mascotte is in Lake County, within the Middle District of Florida.

on January 3, 2014, through Harlingen, Texas. There is no record of BAMACA-CINTO ever applying to the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after BAMACA-CINTO's prior deportation/removal.

6.  Based on the foregoing, I believe that there is probable cause that Jeremias Ezequiel BAMACA-CINTO was deported and removed from the United States and entered or was found to be voluntarily in the United States thereafter, in violation of 8 U.S.C. § 1326(a). Therefore, I respectfully request that the Court issue the attached criminal complaint charging Jeremias Ezequiel BAMACA-CINTO with the aforementioned federal offense.

This concludes my Affidavit.

_____
Lacey O'Neal,
Border Patrol Agent, CBP

*Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 4th day of November, 2024.*

_____
The Honorable Philip R. Lammens
United States Magistrate Judge